UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OSEI GREENIDGE,                                                    Case No. 19 CV 3710
               Plaintiff,
                                                                               **COMPLAINT**

     -against-
                                                                              JURY DEMAND

THE CITY OF NEW YORK, P.O. KINKAID
[SHIELD # 990], CAPTAIN MORALES
[SHIELD # 953], ASSISTANT DEPUTY
WARDEN RUSSO [SHIELD # 99],
COMMISSIONER CYNTHIA BRANN, and
JOHN DOE AND JANE DOE #1-6 (the
names John and Jane Doe being fictitious, as
the true names are presently unknown),
               Defendants.
------------------------------------------------------------------X

Plaintiff, OSEI GREENIDGE, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Kinkaid [Shield # 990], Captain Morales [Shield # 953], Assistant Deputy Warden Russo [Shield # 99], Commissioner Cynthia Brann, and John Doe and Jane Doe #1-6 (collectively, "defendants"), respectfully alleges as follows:

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all police officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. The City of New York Correction Department ("DOC") is an agency of defendant City, and all correction officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

8. The Criminal Court of the City of New York, Kings County ("Criminal Court") is the criminal court in New York City, Kings County, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant P.O. Kinkaid [Shield # 990] was at all times material herein a police officer employed by the NYPD. S/he is named here in his or her official and individual capacities.

10. Defendant Captain Morales [Shield # 953] was at all times material herein a captain employed by the DOC. S/he is named here in his or her official and individual capacities.

11. Defendant Assistant Deputy Warden Russo [Shield # 99] was at all times material herein an assistant deputy warden employed by the DOC. S/he is named here in his or her official and individual capacities.

12. Defendant Commissioner Cynthia Brann was at all times material herein a commissioner employed by the DOC. She is named here in her official and individual capacities.

13. Defendants John Doe and Jane Doe #1-6 were at all times material herein individuals and/or officers employed by the NYPD, the DOC and/or the Criminal Court. They are named here in their official and individual capacities.

14. Defendants Kinkaid, Morales, Russo, Brann, and John Doe and Jane Doe #1-6 are collectively referred to herein as "defendant officers".

15. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. On or about August 16, 2018, at approximately 1:00 p.m., the plaintiff was arrested by NYPD police officers in regards to an open complaint against him.

17. On or about August 16, 2018, plaintiff was arraigned in the Criminal Court.

18. That bail was set thereafter to secure the release of the plaintiff.

19. Following arraignment, plaintiff was transferred to Brooklyn Detention Complex ("BKHD").

20. On August 17, 2018, bail was posted on behalf of the plaintiff.

21. Prior to the posting of the bail, the defendants assured the plaintiff that he did not have any warrants or holds that could prevent his prompt release.

22. After defendants had received the cash bail from the plaintiff, defendant Kinkaid directed that the processing of the plaintiff's bail application should be delayed due to an internal NYPD Investigation Card ("I-Card") allegedly issued against the plaintiff.

23. An I-Card is not an arrest warrant. It is a mere internal investigatory tool utilized by NYPD officers only. It is "a device detectives use to notify patrol officers that a person is wanted for questioning either as a witness or suspect." *Keith v. City of New York*, 2014 U.S. Dist. LEXIS 166469, at *7 n.7 (S.D.N.Y. Dec. 1, 2014).

24. Because of the I-Card, defendants refused to process the plaintiff's bail application.

25. Plaintiff continued to request the defendants to promptly process his bail application and release him from detention.

26. On or about August 20, 2018, the Honorable Ushir Pandit-Durant of the NYS Criminal Court directed defendant Brann and the DOC take all actions necessary to effect the plaintiff's "IMMEDIATE RELEASE".

27. Notwithstanding the above, defendants Morales, Russo, and Brann citing the I-Card refused to release the plaintiff.

28. Defendants continued to detain the plaintiff at BKHD.

29. On or about August 21, 2018, approximately four (4) days after the plaintiff had first posted bail, defendants released the plaintiff from his unlawful incarceration.

30. Plaintiff who had been placed on a treatment plan by his physicians due to his condition requested treatment and medications during his detention.

31. Defendants refused the plaintiff's entreaties and did not provide the plaintiff with treatment and medications.

32. That throughout the period of his unlawful incarceration, the plaintiff was subjected to strip naked and forced body cavity searches.

33. The aforesaid strip and body cavity searches were illegal because defendants lacked reasonable suspicion to believe that the plaintiff was in possession of contraband, weapons and/or a means of escape.

34. Each and every officer who was involved in the plaintiff's arrest, detention and prosecution knew and was fully aware that the plaintiff was entitled to immediate release on August 17, 2018, after he had posted bail, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

35. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

36. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The conduct of defendant officers, as described herein, amounted to false arrest.

39. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Defendant officers subjected plaintiff to unreasonable search & seizure.

43. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

44. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. Defendants refused to provide the plaintiff with treatment and medications thereby causing his condition to deteriorate.

47. Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

48. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

49. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

52. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

53. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

54. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. That each and every officer and/or individual who was involved in the plaintiff's arrest, detention, prosecution and/or incident described herein knew and was fully aware that plaintiff was entitled to immediate release on

        August 17, 2018, after he had posted bail, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

57.    Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

58.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

59.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

60.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.    Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations and obligation to effect an arrest only when probable cause exists for such arrest.

62.    Additionally, defendant City, acting through the DOC, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise and/or discipline its correction officers concerning correct practices in holding, taking and/or accepting custody of innocent persons and/or inmates, permissible search of innocent persons and/or inmates, ensuring the safety and protection of innocent persons and/or inmates, conducting investigations, and obligation to abide by court orders and release innocent persons from its custody.

63.    Defendant City of New York, acting through aforesaid NYPD and DOC, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, incarcerating, illegally strip searching, abusing,

7

        humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

64. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

65. That numerous lawsuits and/or claims have been brought against defendant City alleging that inmates were detained beyond their sentence and/or that innocent persons were detained by DOC without a court order or valid legal process. Additionally, defendant City has settled numerous lawsuits alleging, among other things, that NYPD and DOC officers unlawfully incarcerated innocent citizens. *See*, *e.g.*, *Robert Smith v. City of New York* (EDNY Case No. 15 CV 932); *Kroutchev Demosthene v. City of New York* (EDNY Case No. 14 CV 816); *Michael Porter v. City of New York* (SDNY Case No. 12 CV 3764); *Russell Hernandez v. City of New York* (NYS Supreme Court, Bronx County, Index No.: 0350180/2011).

66. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that inmates were detained beyond their sentence, that innocent persons were detained by DOC without a court order or valid legal process, and/or that NYPD and DOC officers unlawfully incarcerated innocent citizens.

67. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully incarcerated the plaintiff and denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

68. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages

        lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

69.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

70.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>SEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants</u>

71.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

73.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>EIGHTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants</u>

74.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

76. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

77. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

78. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

80. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

81. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

82. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

84. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff

or to those in a like situation would probably result from such conduct described herein.

85. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

86. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       June 26, 2019

                        UGO UZOH, P.C.

                        /s/

                  _____
         By:   Ugochukwu Uzoh
               Attorney for the Plaintiff
               56 Willoughby Street, Third Floor
               Brooklyn, N.Y. 11201
               Tel. No: (718) 874-6045
               Fax No: (718) 576-2685
               Email: u.ugochukwu@yahoo.com